**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Mohammed Mohmand<br>c/o 1310 L Street NW<br>Suite 750<br>Washington DC 20005<br><br>Plaintiff<br><br><br>v.<br><br>BROADCASTING BOARD<br>OF GOVERNORS<br>JEFFREY SHELL<br>In his official capacity as Chairman<br>c/o David Kligerman, General Counsel<br>330 Independence Ave. SW<br>Washington DC 20237<br><br>Defendant | ) | Case No.<br>Judge________________________<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

For his Complaint against the Board of Broadcast Governors, Plaintiff Mohammed Mohmand, an International Broadcaster at the Pashto Language Service, Voice of America, by and through his undersigned attorney, files this complaint against Defendant for violating his civil rights as an employee. Mr. Mohmand has been subjected to discriminatory actions in an effort to force him to retire.

Defendant, is an agency of the federal government and operates under the laws of United States. Service upon an agency of the United States shall be made by delivering or mailing a copy of the summons, complaint to the Office of the: United States Attorney for the district in which the action is being brought, the Attorney General of U.S. in Washington, D.C. and to the agency. *Fed Civ. P. 4 (i).*

## JURISDICTION

1. The court has jurisdiction over the lawsuit based on action for discrimination; arising under Title VII. *42 US.C. §2000e-2,* 29 .CFR 1614.202, 29 CFR 1620, Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., as well as Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451 (judiciary), 28 U.S.C.§1331 (federal question), 28 U.S.C. §1343 (civil rights), 29 U.S.C.§626(b) (ADEA Enforcement, Age Discrimination in Employment Act, 29 U.S.C. §633a) and 42 U.S.C. §2000e-5(f)(1)(unlawful employment practices) and (Title VII Enforcement) and 42 U.S.C. §1981a(equal rights).

## VENUE

2. The employment practices of Defendant alleged to be unlawful were committed within the jurisdiction of the District of Columbia. In addition, Defendant maintains its primary business location within the jurisdiction of the District of Columbia. Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b)(1)&(2).

## EXHAUSTION OF ADMINISTRATION REMEDIES

3. Prior to filing this action, Plaintiff timely filed with Office of Civil Rights within the forty five (45) days, their written charge asserting Defendant's discrimination based on age discrimination, and reprisal. In conformance with the law, Plaintiff has exhausted administrative remedies, therefore all conditions precedent to the Plaintiff maintaining this civil action have occurred or been waived.

## PROTECTED CLASS MEMBERSHIP

4. This lawsuit is brought under 42 U.S.C. §2000 et. Seq. (Title VII) and its counterpart 42 U.S.C. §1981 and 29 U.S.C. §626(b). Title VII and §1981 prohibit employers form discriminating "against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin. See: 42 U.S.C. §2000e-2(a). Additionally, this lawsuit is brought pursuant to the Age Discrimination Act 29 U.S.C. §636. Plaintiff identifies that he is over forty (40) years old; and subjected to harassment based on his age and reprisal for having complained to management about the harassment and discrimination by his mangers.

## PARTY

## BACKGROUND FACTS

**Mr. Mohammed Zamen Mohmand**

**5.**

6. Mr. Mohmand has been an International Broadcaster at VOA for the last 33 years.

7. Plaintiff was hired on September 21, 1985. His position is currently GS-12 with editorial responsibilities.

8. Mr. Mohmand was hired at the Pashto service only a few years from when it was created and he has had a leading and critical role in helping establish Pashto language programing.

9. Mr. Mohmand (DOB: 12-29-1947), is a naturalized United States citizen who is originally from Afghanistan and is a native Pashto and Dari speaker, two of the main languages spoken in Afghanistan.

10. The requirement for an International Broadcaster (GS-12) at the Pashto Service is fluency in both Farsi and Pashto languages that are spoken in Afghanistan. Plaintiff's duties include; Editing, transcribing and translating various materials for radio; such as interviews with variety of subjects, preparation and presentation of news, CRs, Backgrounders, Editorials, Press Reviews and Feature Programs.

11. Management has implemented a change in policy named New Format since 2016, which directly excludes senior staff and favors junior staff.

12. Management tried to force Plaintiff to retire and leave his job. When Plaintiff refused to succumb to the hostilities and discriminatory acts based on his age and national origin, reprisal he has been and continuously discriminated against and subjected to a hostile work environment, and in reprisal for reporting harassing behavior.

13. Mr. Mohmand has had to endure management assigning him tasks that are beyond his job, such as production; assigning him jobs for which he is not trained and for which he has not received formal training; failing to send him to training; failing to give him the necessary training; failing to provide him with adequate training; excluding him from training; laughing at him when he tries to participate in meetings; belittling him in front of his colleagues;

humiliating him by making false accusations against him; treating junior staff more favorably by offering them computer training, a variety of assignment privileges, covering up their mistakes and promoting them regardless of their lack of language skills and constant mistakes; failing to provide him with the proper equipment to perform his job; failing to provide him password for Dalet Plus; affirmatively, maliciously, and intentionally instructing junior staffers not to help him or the senior (aged) employees; discussing his mistakes with his colleagues instead of with him; telling him he should retire; and changing his performance standards to justify a lower rate of performance; changing his yearly evaluations in reprisal to his complaints without telling him; failing to provide him copies of his evaluations; failing to respond to his e-mail inquiry and in person follow-up about his yearly evaluations; ignoring his request for help; ignoring his notices of discrimination, reprisal, harassment and hostile work environment; falsely giving him information about the closing the Pashto Service; putting a gag on his work related e-mails; exposing him to his manager and co-workers in a group meeting that he is a complainant, a troublemaker; excluding him from meetings; not including his input with scheduling; not acknowledging him in public and humiliating him in front of guests who come to the Pashto service for interviews. All of these incidents started on or about 2010 and continued through May 2016 when management issued a new schedule, in which Mr. Mohmand was again assigned production, a position for which he is not trained, and a position that is not part of his job. The biased schedules are used by Mr. Ibrahim as a means of intentional, deliberate and discriminatory tool to serve his goal of forcing the seniors in the staff to leave the service.

14. Management ignored Mr. Mohmand’s many years of expertize and marginalized him to task of production.

15. The Managing Editors' actions towards Mr. Mohmand were and continued to be hostile based on his national origin and his age.

16. Mr. Mohmand has had physical and psychological reaction to the chronic and long term harassment by management and being forced to work in a hostile work environment. He has had trouble sleeping and his relationship with his family has become strained due to the stress.

17. In order to escalate the hostile work environment, Mr. Ibrahim knew or should have known that production was/is not part of Mr. Mohmand's job, but sent him to do production anyway. On March 27, 2012, Mr. Mohmand went to produce the poetry show. When he was producing Mr. Ibrahim came without telling him and without having trained Mr. Mohmand, stood over him to find fault in the way Mr. Mohmand was producing the show. After humiliating and harassing Mr. Mohmand about his production skills, and after Mr. Mohmand filed a formal complaint with HR in May 2012, on July 17, 2012, Mr. Ibrahim wrote an e-mail that Mr. Mohmand was not required to do production because it was not part of his job. Mr. Ibrahim as the Managing Editor with close ties with HR and HR acting director, knew or should have known before he caused Mr. Mohmand such pain and suffering by targeting him with production to force him to retire.

18. However in May 2016, a new schedule was issued assigning Mr. Mohmand production. As a result of being a victim of discrimination and desperately trying to get help, Mr. Mohmand now suffers from anxiety.

19. Defendant, Broadcasting Board of Governors (hereinafter BBG) is an independent federal agency responsible for all U.S. government and government sponsored non-military, international broadcasting.

**Count 1**

**Discrimination Under Title VII**

20. Plaintiff is an employee within the meaning of Title VII and belongs to classes protected under the statute; namely age. *See 42 U.S:C. §2000e(f)* and *29 US.C. §623 et se.q* Defendant is an employer within the meaning of Title VII. *42 US.C. §2000e(b)* Defendant intentionally discriminated against Plaintiff based on his age, in violation of Title VII by subjecting him to constant harassment, work conditions which were humiliating and by forcing him to retire before he is ready to retire.

21. The Defendant has further perpetuated this discriminatory treatment on Plaintiff by creating a schedule that the Plaintiff could not perform. When Plaintiff complained to management he was retaliated against with even more difficult and straining schedule.

22. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff behalf, in the amount of $100,000 (one hundred thousand dollars) on the count of age discrimination pursuant to Title VII and grant such further relief as this Court deems appropriate.

**Count 2**

**Age Discrimination**

23. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq. and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years. *See 29 US.C. §630(j)* Defendant is an employer within the meaning of the ADEA. *29 US.C. §630(b)*.

24. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by subjecting him to conditions and terms of employment that were not enforced on younger employees. The Plaintiff was treated in a manner that was different from the younger employee. Younger employees were given shows and on air interviews and assignments that were not available to the senior staff and in particular to Mr. Mohmand. He was subjected to management's new plans since 2010 called "the new format."

25. The new format required that younger employees replace the senior staff.

26. The management harassed and targeted the senior staff, including plaintiff to force them to either leave their positons or be terminated.

27. In the schedule of May 2016 that management forced on the staff without any discussion or comments or feedback, as has always been the custom, Mr. Mohmand was assigned production and the plum assignments were given to junior staff. Production is not part of Mr. Mohmand's job. The younger, less experienced and untrained staff were favored over Mr. Mohmand, because of his age.

28. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $300,000 (three hundred thousand dollars), on the count

of age-based discrimination pursuant to the ADEA and grant such further relief as this Court deems appropriate.

**COUNT 3**

**RETALIATION**
**Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*.**

29. Plaintiff re-alleges and incorporate by reference the allegations of all paragraphs above as though fully set forth herein. Pursuant to the ADEA and applicable federal government equal employment opportunity regulations, the Agency, as a federal employer, is specifically prohibited from unlawful retaliation against Plaintiff, because they engaged in EEO activities protected by the ADEA 20 U.S.C Section 633a(a) and 623(b). 29 C.F.R. Section 1614.103 (2004). The Agency by virtue of the unlawful adverse actions set forth in the aforementioned paragraphs of this Complaint, engaged in direct, willful and unlawful ADEA retaliatory discrimination against Plaintiff because of her protected ADEA activities. Plaintiff's managers and supervisors included Mr. Ibrahim, Ms. Maiwandi, Ms. Mendelson, and later Mr. Farivar and Mr. Dahiyat, and Mr. Ayazi.

30. The Agency, by and through its managers actions and the actions of Human Resources and employees servicing beneath management in the supervisory chain of command engaged in calculated and purposeful campaign of unlawful retaliation, unlawful, unlawful discrimination and unlawful workplace harassment against the Plaintiff. The Agency intentionally subjected Plaintiff to intentional and unlawful ADEA retaliatory discrimination. The intentional, unlawful retaliation was created and perpetuated and tolerated by management.

31. The Agency is liable for the intentional and unlawful ADEA retaliation against the Plaintiff because the Agency officials and managers knew or should have known of the aforementioned unlawful retaliation and did not take immediate, appropriate and effective corrective action.

32. The Agency's aforementioned treatment of the Plaintiff, considered in its totality and in cumulative manner, as set forth in the above paragraphs of this claim and Complaint, constitutes unlawful, direct, intentional, adverse, tangible, retaliatory and discriminatory employment actions prohibited by ADEA. The Agency's aforementioned treatment of Plaintiff constitute, unlawful, willful, adverse, retaliatory discrimination in violation of 29 U.S.C Sections 633a(a) and 623(a)(1)(2)(d) and 626(b)

33. .Defendant, by and through its agents, retaliated against Plaintiff when it knew or should have known that the same were in violation of the ADEA and any alleged reasons to the contrary are pretextual. As a result of Defendant's discriminatory actions Plaintiff suffered pecuniary and non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses, Plaintiff seeks compensatory damages. Defendant's actions were done with malice and/or with reckless indifference to Plaintiffs' protected rights. Plaintiff are therefore entitled to punitive damages. The Defendants conduct motivated by age discrimination had the purpose or effect of creating an intimidating, hostile or offensive working environment and had the purpose or effect of unreasonably interfering with Plaintiff' work performance and/or otherwise adversely affected Plaintiff' employment opportunities in violation of Title VII and 29 C.F.R. §1606.8(b).

34. The hostile working environment was sufficiently severe and/or pervasive to alter the conditions of employment for Plaintiff and to create an abusive working environment. The acts of the Defendants and the agents of Defendants were not isolated or trivial. The defendants knew or should have known of the conduct creating a hostile work environment and failed to take prompt and effective remedial action.

## Damages

As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

1. Plaintiff was denied a promotion and pay for work that he performed.
2. Plaintiff was forced to retire because of the intolerable working conditions.
3. Plaintiff suffered damage to his professional work history and reputation.
4. Defendant's conduct was an intentional and willful violation of Title VII, and the ADEA.
5. Plaintiff is entitled to an award of attorney fees and costs under Title VII.

## Prayer

For these reasons, Plaintiff asks for judgment against the Defendant to receive back pay, future pay, interest and all damages that he is entitled to. An award of attorney fees and costs. All other relief the court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff’s demand a trial by jury in this action . This jury demand is being filed with the Clerk of the United States District Court for the District of Columbia, as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ.

P. 38 (b).

Dated: April 6th, 2017

Respectfully Submitted,
Mohammed Mohmand

By Counsel

*/S/ S. Sarah Shah*
S. Sarah Shah
D.C. Bar No. 995094
1310 L Street NW
Suite 750
Washington DC 20037
Law Offices of Shah & Shah PLLC
Telephone: (202) 450-1051
Direct: (202) 450-1059
Fax: (202) 234-1270
Attorney for Plaintiff